**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| LEEANN GALEA,<br>              Plaintiff, | No. 3:19-cv-225 (SRU) |
|              v. |  |
| LAW OFFICES OF CARY ALAN CLIFF,<br>et al.,<br>              Defendants. |  |

**ORDER ON MOTION TO COMPEL**

On July 6, 2023, I held a telephonic hearing on-the-record regarding the motion to compel submitted by the plaintiff, Leeann Galea ("Galea"). *See* Doc. No. 142. Both Galea and Tom Plumridge ("Plumridge"), counsel for the defendant Silver Hill Hospital, were present at the hearing. For reasons discussed on the record and below, Galea's motion to compel is **granted in part and denied without prejudice in part.**

First, we discussed the individuals listed in the defendant's initial disclosures. Galea seeks an order compelling the defendant to supply the contact information of those individuals. During the telephonic hearing, I reminded Plumridge of the obligation pursuant to Rule 26 to disclose, "if known, the address and telephone number of each individual." Fed. R. Civ. P. 26(a)(1)(A)(i). Galea indicated that she only seeks the addresses and phone numbers of a subset of the individuals listed on the defendant's initial disclosures. Accordingly, Galea shall provide that list of individuals to Plumridge, and Plumridge shall supply Galea with the known contact information for those individuals. To the extent that Galea later seeks additional information regarding the individuals listed on the initial disclosures, the parties are instructed to meet and confer regarding that request, and if the parties fail to resolve the dispute the Court will take up the matter.

We next addressed Galea's interrogatories. I began by informing Galea that some of her interrogatories were indeed overbroad and burdensome, while others were appropriate. I ordered the following:

- Regarding Interrogatory 7(a), to the extent that Galea requests the facts on which the defendant has based the denial of a provision of the claim, the defendant shall disclose those facts. However, the defendant is permitted to respond to Interrogatory 7(a) in a piecemeal matter, as the case progresses and as the defendant collects the facts it needs to respond.

- Regarding Interrogatories 7(b), 7(c), and 8, I deferred Galea's motion to compel. The parties should confer after the defendant responds to Interrogatory 15. At that point, the motion can be renewed if responses to Interrogatories 7(b), 7(c), and 8 remain relevant.

- Regarding Interrogatory 15, I ordered the defendant to answer that interrogatory. I explained that Interrogatory 15 concerns the decision or instruction regarding accepting non-hospital documents, and it does not concern a policy. In responding to Interrogatory 15, the defendant shall identify the requested employees and indicate each individual's position and role during the relevant timeframe.

- Regarding Interrogatories 9, 10, 14, I reminded Galea that interrogatory requests that, in effect, ask the opposing party to conduct legal research on behalf of the other party are not appropriate for discovery. Thus, to the extent that Interrogatories 9 and 10 request legal research concerning state and federal regulations, the defendant has no obligation to respond. However, institutional policies and requirements may be relevant to Galea's claim. In particular, hospital

policies regarding progress notes and inpatient and interpersonal communications about patients, to the extent that those policies exist, would be relevant to Galea's implied contract claim. Accordingly, the defendant is ordered to respond in part to Interrogatories 9 and 10, and in full to Interrogatory 14.

- Regarding Interrogatory 25, to the extent that the interrogatory requests legal research concerning state and federal regulations, the defendant has no obligation to respond. However, the defendant is ordered to respond to the request to the extent it seeks information regarding retention and destruction of original hospital patient files.

- Regarding Interrogatory 24, I sustain the defendant's objection to the interrogatory as irrelevant and unlikely to lead to discovery of admissible evidence.

In addition, I informed Galea that when the defendant answers an interrogatory by stating that they are "not aware" of something "at this time," that does not necessarily evince bad faith or an intent to deceive. It merely means that the defendant is answering those interrogatories based on knowledge it possesses at that point in time. Later, Galea may wish to request an update from the defendant to ascertain whether the defendant has obtained new information that would be responsive to her interrogatory requests.

During the telephonic hearing, I set a deadline of **21 days**, or on or before **July 27, 2023**, for the defendant to produce documents in response to Galea's requests.

Finally, we discussed modifying the discovery schedule because the deadline for discovery has lapsed. I ordered the parties to meet and confer regarding the schedule. During the

hearing, I ordered that in two weeks, on or before **July 20, 2023**, the parties shall meet, confer, and jointly propose a new schedule and deadlines.

      So ordered.

Dated at Bridgeport, Connecticut, this 13th day of July 2023.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge
