UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEEANN GALEA,<br>      Plaintiff,<br><br>      v.<br><br>SILVER HILL HOSPITAL,<br>      Defendant. | No. 3:19-cv-225 (SRU) |

## ORDER ON MOTION TO AMEND COMPLAINT; MOTION TO SET EXPEDITED HEARING

Leeann Galea has filed a motion to amend her complaint for the third time. *See* Doc. No. 147. Silver Hill Hospital ("Silver Hill") has filed an objection. Doc. No. 149. Galea seeks to amend her complaint in two ways: she intends to bring an additional breach of contract claim based on new information uncovered during discovery; and she also seeks to reassert her negligence claim, which I had dismissed as time-barred in an earlier ruling. *See* Doc. No. 56.

I first turn to Galea's request to amend her breach of contract claim. Galea avers that through discovery, she has uncovered new evidence "of a second breach of contract" based on an additional wrongful disclosure by Silver Hill of Galea's medical records to a third party. *See* Doc. No. 147 at 1, 3-5. Galea's operative complaint already includes a breach of contract claim against Silver Hill for its disclosure of her patient information to third parties without her authorization. Doc. No. 40 at 5 (alleging "[b]reach of contract by violating the privacy law and policy by disclosing patient identity, medical records and information without any form of authorization . . . on or about September 19, 2013 and thereafter"). Galea therefore does not need to assert a new and separate breach of contract claim in order to capture the newly discovered

breach. As I construe Galea's pleadings,[1] the newly discovered breach is but another example of a series of successive contract breaches by Silver Hill within a single timeframe. *Cf. Phoenix Canada Oil Co. v. Texaco Inc.*, 749 F. Supp. 525, 535 (S.D.N.Y. 1990) (In the res judicata context, "[w]here an action includes a cause of action for breach of a particular contract, a second action seeking additional recovery for breach of that same contract is generally considered part of the same factual 'transaction.'"). Because Galea's operative complaint already includes a claim alleging similar, successive breaches by Silver Hill of the same contract within that same timeframe, she does not need to amend her complaint in order to seek relief for the newly discovered breach. Accordingly, Galea's request to amend her complaint to add a new breach of contract claim is **denied as moot**.

I next turn to Galea's request to amend her complaint to reassert her negligence claim and apply the doctrine of equitable tolling. *See* Doc. No. 147. As I previously held in my ruling on Silver Hill's motion to dismiss, doc. no. 56, the statute providing the applicable temporal limitations for Galea's breach of confidentiality claim is Section 52-584.[2] Conn. Gen. Stat. § 52-584. That statute includes a statute of repose, which states that "no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed." Conn. Gen. Stat. § 52-584; *see Rosato v. Mascardo*, 82 Conn. App. 396, 402 (2004). The language in the statute of repose regarding "the date of the act or omission

---

[1] It is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).

[2] As I explained in my Order, "[t]he contours of the recently-recognized cause of action for breach of doctor-patient confidentiality are still in flux." Doc. No. 56 at 15. I therefore acknowledged that Galea's breach of confidentiality claim could, in the alternative, fall under section 52-577 and not section 52-584. *See* Conn. Gen. Stat. § 52-577. Nevertheless, both Section 52-577 and Section 52-584 include a three-year statute of repose. *See* Conn. Gen. Stat. § 52-577 ("No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of.").

complained of" refers "the date when the negligent conduct of the defendant occurs and . . . not the date when the plaintiff first sustains damage." *Grey v. Stamford Health Sys., Inc.*, 282 Conn. 745, 751 (2007) (quoting *Blanchette v. Barrett*, 229 Conn. 256, 265 (1994)).

Courts have largely held that the doctrine of equitable tolling does not apply to toll the statute of repose portion of Section 52-584. Conn. Gen. Stat. § 52-584. *See, e.g.*, *DiBacco v. Phelps & Sons, Inc.*, 2021 WL 3727168, at *3 (Conn. Super. Ct. July 27, 2021) ("Equitable tolling . . . does not apply to statutes of repose."); *Veillette v. OptiCare Eye Health Centers, Inc.*, 2020 WL 3441212, at *9 (Conn. Super. Ct. May 15, 2020) ("Although the court has been unable to locate any controlling appellate authority, this court agrees with several other Superior Court cases, and at least one case from the United States District Court for the District of Connecticut, that have found the doctrines of equitable tolling and equitable estoppel inapplicable to statutes of repose such as § 52-584.") (collecting cases); *see also Essex Ins. Co. v. William Kramer & Assocs., Inc.*, 2016 WL 3198190, at *18 (D. Conn. June 8, 2016), *aff'd sub nom. Evanston Ins. Co. v. William Kramer & Assocs., LLC*, 925 F.3d 604 (2d Cir. 2019) ("[U]nder Connecticut law, equitable tolling does not apply to a statute of repose such as Section 52-577.") (collecting cases). Because the doctrine of equitable tolling cannot be used to toll the statute of repose, Galea's request to amend her complaint to reassert her negligence claim is **denied**.

For the foregoing reasons, Galea's motion for leave to file a third amended complaint, doc. no. 147, is **denied**. Galea's motion to set an expedited hearing on the motion to amend, doc. no. 154, is **denied as moot**.

So ordered.

Dated at Bridgeport, Connecticut, this 25th day of September 2023.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge